United States Bankruptcy Court
Eastern District of Pennsylvania

In re:  
Keith M Woodson  
    Debtor

Case No. 16-17313-mdc  
Chapter 13

## CERTIFICATE OF NOTICE

District/off: 0313-2     User: PaulP     Page 1 of 1     Date Rcvd: Jun 09, 2017  
                         Form ID: pdf900     Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jun 11, 2017.  
db         +Keith M Woodson,     2220 Melvin Street,     Philadelphia, PA 19131-2208

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.  
NONE.                                                                                                                                  TOTAL: 0

           ***** BYPASSED RECIPIENTS *****  
NONE.                                                                                                                    TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.  
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.


**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jun 11, 2017                                                      Signature:   /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on June 9, 2017 at the address(es) listed below:  
         BRIAN CRAIG NICHOLAS    on behalf of Creditor    NATIONSTAR MORTGAGE LLC bnicholas@kmllawgroup.com, bkgroup@kmllawgroup.com  
         JASON BRETT SCHWARTZ    on behalf of Creditor    Westlake Financial Services jschwartz@mesterschwartz.com, jottinger@mesterschwartz.com  
         MATTEO SAMUEL WEINER    on behalf of Creditor    Nationstar Mortgage LLC bkgroup@kmllawgroup.com  
         MATTHEW CHRISTIAN WALDT    on behalf of Creditor    Nationstar Mortgage LLC mwaldt@milsteadlaw.com, bkecf@milsteadlaw.com  
         MATTHEW CHRISTIAN WALDT    on behalf of Creditor    NATIONSTAR MORTGAGE LLC mwaldt@milsteadlaw.com, bkecf@milsteadlaw.com  
         RAYMOND M. KEMPINSKI    on behalf of Debtor Keith M Woodson ray@colemankempinski.com, ray@colemankempinski.com  
         United States Trustee    USTPRegion03.PH.ECF@usdoj.gov  
         WILLIAM C. MILLER, Esq.    ecfemails@ph13trustee.com, philaecf@gmail.com  
                                                                                                     TOTAL: 8

In The United States Bankruptcy Court
For The Eastern District of Pennsylvania

IN RE:

KEITH M. WOODSON, Debtor
and LAKEISHA ADKINS, Co-Debtor

: Chapter 13
: Case No. 16-17313-MDC
: Consent Order Settling
: Westlake Financial Service's
: Motion For Relief From The Automatic
: Stay Pursuant To 11 U.S.C. § 362 and 1301

AND NOW, this 9th day of June, 2017, this matter having come before this Court upon application of Westlake Financial Services (hereinafter referred to as *"Westlake"*), a secured creditor of the above-named Debtor, by its counsel, for relief from the automatic stay pursuant to 11 U.S.C. §§ 362 and 1301;

AND it appearing that Debtors, **Keith M. Woodson, Debtor and Lakeisha Adkins, Co-Debtor**, through Debtors' attorney, **Raymond M. Kempinski, Esquire**, have reached an agreement with regard to said Motion for Relief regarding a 2006 NISSAN QUEST S Special Edition Minivan 4D, V.I.N. 5N1BV28U86N116681 (the "Vehicle"), as per the terms contained in this Order;

AND, it appearing that Debtors are indebted to *Westlake* on a loan which enabled Debtors to purchase said Vehicle, which loan terms are set forth in a Retail Installment Contract (the "Contract"); and

It appearing that *Westlake* is the holder of a secured claim against the Debtors and;

It appearing that the Debtors are in arrears post-petition in the amount of *$3,093.54* as of May 18, 2017;

It appearing that the Debtors and *Westlake* have reached an agreement to cure post-petition arrears and attorney's fees and costs, the Debtors agree to pay *$1,031.18* of the current arrears monthly <u>beginning</u> June 4, 2017 for the next three (3) months (with payments due on the fourth of each month) to cure said arrears, while making regular monthly post-petition payments ($373.22 per the Contract) due under the Contract beginning with the **June 4, 2017 payment for a total <u>monthly</u> payment from June 4, 2017 through August 4, 2017 of *$1,404.40*,** wherefore,

It is hereby **ORDERED** and **DECREED** that if Debtors shall fail to make the regular

monthly payment (or any portion thereof) or fail to make payment toward the curing of the arrears as set forth above and Debtors fail to cure said default within ten (10) days after notice by *Westlake* (or its counsel) of said default, counsel for *Westlake* may file a Certification of Default with the Court setting forth Debtors' default and *Westlake* shall be granted immediate relief from the automatic stay provisions of Section 362 and 1301 of the Bankruptcy Code (11 U.S.C. § 362 and 1301), and *Westlake* is then also free to proceed with exercising its rights and remedies as may be allowed under State and Federal law. The Debtors shall be allowed to default and cure such default under this Consent Order one (1) time. Should Debtors default a second (2nd) time, notice of the default will be served, but the Debtors will not be granted an opportunity to cure the default and counsel for *Westlake* may file a Certification of Default with the Court setting forth Debtors' default and *Westlake* shall be granted immediate relief from the automatic stay provisions of Section 362 and 1301 of the Bankruptcy Code (11 U.S.C. § 362 and 1301).

It is **FURTHER ORDERED** and **DECREED** that in the event Debtor converts to a bankruptcy under any Chapter other than Chapter 13 of the Bankruptcy Code then Debtors shall pay all pre-petition arrears and post-petition arrears within fifteen (15) days from the date the case is converted from Chapter 13 to any other Chapter. If Debtors fail to make payment in accordance with this paragraph then *Westlake*, through Counsel, may file a certification setting forth said failure and *Westlake* shall be granted immediate relief from the automatic stay provisions of Section 362 and 1301 of the Bankruptcy Code (11 U.S.C. § 362 and 1301) and *Westlake* is then also free to proceed with exercising its rights and remedies as may be allowed under State and Federal law.

The failure by *Westlake*, at any time, to file a Certification of Default upon default by the Debtors shall not be construed, nor shall such failure act, as a waiver of any of *Westlake's* rights hereunder.

This Order is a supplement and in addition to the Contract and not in lieu thereof.

Facsimile signatures shall be accorded the same force and effect as an original signature, and may be submitted to the Court.

It is further Ordered that the fourteen (14) day stay provided by Rule 4001(a)(3) is hereby waived.

BY THE COURT:

_Magdeline D. Coleman_
Magdeline D. Coleman
U.S. BANKRUPTCY JUDGE

Arrears: $ 2,612.54
Counsel Fees: $ 481.00
*Total:* $3,093.54

Creditor: **Westlake Financial Services**
By Counsel: Mester & Schwartz, P.C.

By: _Jason Brett Schwartz_
Jason Brett Schwartz, Esquire
Mester & Schwartz, P.C.
1333 Race Street
Philadelphia, Pennsylvania 19107
(267) 909-9036

DATED: 5/31/17

Seen and agreed to -- We hereby consent to the form and entry of the foregoing Order.

**Debtors: Keith M. Woodson, Debtor and Lakeisha Adkins, Co-Debtor**

By Counsel for Debtor: Keith M. Woodson, Esq.   6/5/17

By: _Raymond M. Kempinski_
Raymond M. Kempinski, Esq.
Law Office of Raymond Kempinski
1700 Market Street
Suite 1005
Philadelphia, PA 19103
(215) 380-5636

DATED: 5/31/17

**No Objection:**
_signature_
TRUSTEE

*without prejudice to any trustee rights or remedies

Please send copies to:

Keith M. Woodson
2220 Melvin Street
Philadelphia, PA 19131

Lakeisha Adkins
2220 Melvin Street
Philadelphia, PA 19131

Raymond M. Kempinski, Esq.
Law Office of Raymond Kempinski
1700 Market Street
Suite 1005
Philadelphia, PA 19103

William C. Miller, Trustee
1234 Market Street, Suite 1813
Philadelphia, PA 19107

Office of the U.S. Trustee
833 Chestnut Street, Suite 500
Philadelphia, PA 19107

Jason Brett Schwartz, Esquire
Mester & Schwartz, P.C.
1333 Race Street
Philadelphia, PA 19107