United States Bankruptcy Court
Eastern District of Pennsylvania

In re:                                                                  Case No. 16-17313-mdc
Keith M Woodson                                                         Chapter 13
         Debtor

# CERTIFICATE OF NOTICE

District/off: 0313-2          User: PaulP            Page 1 of 1           Date Rcvd: May 22, 2019
                              Form ID: pdf900        Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
May 24, 2019.
db             +Keith M Woodson,    2220 Melvin Street,    Philadelphia, PA 19131-2208

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                            TOTAL: 0

            ***** BYPASSED RECIPIENTS *****
NONE.                                                                                            TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: May 24, 2019                                   Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on May 22, 2019 at the address(es) listed below:
              BRIAN CRAIG NICHOLAS    on behalf of Creditor    NATIONSTAR MORTGAGE LLC bnicholas@kmllawgroup.com,
               bkgroup@kmllawgroup.com
              JASON BRETT SCHWARTZ    on behalf of Creditor    Westlake Financial Services
               jschwartz@mesterschwartz.com,    jottinger@mesterschwartz.com
              MATTEO SAMUEL WEINER    on behalf of Creditor    Nationstar Mortgage LLC bkgroup@kmllawgroup.com
              MATTHEW CHRISTIAN WALDT    on behalf of Creditor    Nationstar Mortgage LLC mwaldt@milsteadlaw.com,
               bkecf@milsteadlaw.com
              MATTHEW CHRISTIAN WALDT    on behalf of Creditor    NATIONSTAR MORTGAGE LLC mwaldt@milsteadlaw.com,
               bkecf@milsteadlaw.com
              REBECCA ANN SOLARZ    on behalf of Creditor    Nationstar Mortgage LLC bkgroup@kmllawgroup.com
              SARAH K. MCCAFFERY    on behalf of Creditor    U.S. Bank National Association, not in its
               individual capacity but solely as trustee for the RMAC Trust, Series 2016-CTT    c/o Rushmore Loan
               Management Services smccaffery@squirelaw.com
              STEPHEN MATTHEW DUNNE    on behalf of Debtor Keith M Woodson bestcasestephen@gmail.com,
               dunnesr74587@notify.bestcase.com
              United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
              WILLIAM C. MILLER, Esq.    ecfemails@ph13trustee.com,    philaecf@gmail.com
              WILLIAM C. MILLER, Esq.    on behalf of Trustee WILLIAM C. MILLER, Esq. ecfemails@ph13trustee.com,
               philaecf@gmail.com
                                                                                             TOTAL: 11

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In re: | : Chapter 13 |
|     Keith M. Woodson, | : |
|     Debtor. | : Bankruptcy No. 16-17313-MDC |

# **O R D E R**

**AND NOW, WHEREAS**, upon consideration of the Application for Compensation and Reimbursement of Expenses (the "Application"),[1] filed by Stephen M. Dunne (the "Applicant"), counsel to Keith M. Woodson (the "Debtor"), in which the Applicant requests the allowance of compensation in the amount of $2,365.00 and the reimbursement of expenses in the amount $0.00.

**AND**, the Application states that the Debtor did not pay the Applicant any amount prior to the filing of the petition.

**AND**, upon the Applicant's certification that proper service has been made on all interested parties.

**AND**, upon the Applicant's certification of no response.

**AND**, the Court of Appeals having held that the bankruptcy court "has a duty to review fee applications, notwithstanding the absence of objections by the United States Trustee . . ., creditors, or any other interested party, a duty which . . . derives from the court's inherent obligation to monitor the debtor's estate and to serve the public interest," *In re Busy Beaver Bldg. Centers, Inc.*, 19 F.3d 833, 841 (3d Cir. 1994) (emphasis in original).

**AND**, this case involving the representation of a below-median debtor, *see generally* 11 U.S.C. §1325(b) (establishing different standards for measuring plan confirmability depending upon whether the debtor's is above median or below median); Official Form B-122C (requiring more financial disclosure from above-median debtors).

---

[1] Bankr. Docket No. 92.

**AND**, this Court finding that the Application is inconsistent with the Applicant's Disclosure of Compensation Pursuant to F.R.B.P. 2016(b) ("the 2016(b) Statement")[2], which represented that the Applicant received $1,000.00 prior to the filing of the Debtor's bankruptcy petition (the "Pre-Paid Amount").

It is hereby **ORDERED** that:

1. A hearing shall be held on **June 13, 2019, at 11:30 a.m.**, in **Bankruptcy Courtroom No. 2, U.S. Bankruptcy Court, 900 Market Street, Philadelphia, PA** (the "Show Cause Hearing"), to consider whether pursuant to 11 U.S.C. §330(a)(2) this Court should award compensation that is less than the amount of compensation that is requested by the Application.

2. At the hearing, the Applicant shall (i) have the written retainer agreement with the Debtor available for review by the Court and parties in interest, and (ii) be prepared to address the discrepancy between the Application and the 2016(b) Statement regarding the Pre-Paid Amount.

3. The Applicant may appear telephonically, *see* L.B.R. 9076-1, if arrangements are made to provide the Court with a copy of the written retainer agreement in advance of the Show Cause Hearing.

Dated: May 22, 2019

_____
MAGDELINE D. COLEMAN
UNITED STATES BANKRUPTCY JUDGE

Stephen M. Dunne, Esquire
Dunne Law Offices, P.C.
1515 Market Street, Suite 1200
Philadelphia, PA 19102

William C. Miller, Esquire
Chapter 13 Trustee
P.O. Box 1229
Philadelphia, PA 19105

United States Trustee
833 Chestnut Street, Suite 500
Philadelphia, PA 19107

---

[2] Bankr. Docket No. 1.

2